Hearing Date: March 20, 2012
Hearing Location: Portland, Maine
Objection Date: March 13, 2012

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | |
|---|---|
| In Re: LAO Properties, LLC | * |
| Debtor. | * |
| | * |
| TD Bank, N.A., | *  Chapter: 11 |
| Movant, | *  Case Number: 11-21571 |
| v. | * |
| LAO Properties, LLC, | * |
| Respondent. | * |

**MOTION BY TD BANK, N.A. FOR RELIEF FROM AUTOMATIC STAY**
*(Relating to real estate located at or near 35 York Street, York, Maine)*

NOW COMES TD Bank, N.A. ("TD Bank" or the "Creditor"), through counsel, and moves for relief from the automatic stay to enforce its rights under state law with respect to real estate purportedly owned by LAO Properties, LLC and to protect its interest in such real property.

In support of the within motion TD Bank states as follows:

1. TD Bank, N.A. (formerly known as TD Banknorth, N.A. and the successor in interest to Peoples Heritage Bank, N.A.) is a National Association with business offices located in the City of Portland, County of Cumberland and State of Maine.

2. LAO Properties, LLC ( "LAO" or the "Debtor") is a Maine limited liability company having a principal place of business located in York, Maine.

3. On November 1, 2011, LAO filed a petition with this Court under Chapter 11 of the United States Bankruptcy Code.

4. This motion seeks relief from the automatic stay pursuant to 11 U.S.C. § 362(d).

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b).

6. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

7. Mary Rivers is obligated to repay amounts advanced to her by the Creditor pursuant to the terms of a Business Cashline Credit Agreement (the "Credit Agreement"), dated October 5, 2001, which Credit Agreement was amended, including by a Change in Terms Agreement, dated July 10, 2003 and a Modification Agreement, dated July 1, 2010. A true and accurate copy of the Credit Agreement is filed herewith as **EXHIBIT A**; a true and accurate copy of the Change in Terms Agreement is filed herewith as **EXHIBIT B**; and a true and accurate copy of the Modification Agreement is filed herewith as **EXHIBIT C**.

8. Lorri A. Pettrone (now known as Lorri A. O'Brien), as trustee of the York Street Trust, guarantied repayment to the Creditor of all obligations due under the Credit Agreement pursuant to the terms of a certain Guaranty, dated October 5, 2001, a true and accurate copy of which Guaranty is filed herewith as **EXHIBIT D**.

9. To provide security for her obligations under the Guaranty, Lorri A. Pettrone, as trustee of the York Street Trust, executed and delivered to TD Bank a Mortgage and Security Agreement (the "Mortgage"), dated October 5, 2011, which Mortgage covers real estate (the "Property") located at or near 35 York Street in York, Maine and was recorded in the York County Registry of Deeds in Book 11018, Page 195. A true and accurate copy of the Mortgage is filed herewith as **EXHIBIT E**.

10. At the time the Mortgage was granted to TD Bank, Ms. O'Brien held the Property in trust pursuant to a Deed of Sale by Personal Representative from Thomas S. Robinson, Personal Representative of the Estate of Clarice M. Davis, to Lorri A. Pettrone, Trustee of the York Street Trust, dated December 3, 1999, recorded in the York County Registry of Deeds in Book 9811, Page 132.

11. The Debtor appears to claim ownership to the Property by virtue of a Quitclaim Deed from Lorri A. O'Brien to LOA [*sic*] Properties, LLC, dated October 28, 2011, recorded in the York County Registry of Deeds in Book 16191, Page 568. Accordingly, although the Debtor listed the Property in the schedules attached to its bankruptcy petition and included disclosures with respect to the Property in its proposed Disclosure Statement filed on January 18, 2012 [Document Number 66], LAO Properties, LLC is not the record title owner of the Property.

12. *Movant's Interest in Property; Perfection*. TD Bank's Mortgage covers the Property and its mortgage interest was perfected by recording in the York County Registry of Deeds. The Mortgage is subordinate only to outstanding sewer liens as set forth below.

13. *Obligations of Debtor to Bank*. The Debtor is not the mortgagor with respect to the Property, nor is it the borrower with respect to the debt obligations that the Mortgage was given to secure. Nonetheless, the Property was transferred from the mortgagor subject to the Mortgage.

14. *Amount of Claim*. As of the petition date, Lorri O'Brien, both individually and as trustee of the York Street Trust, and Mary Rivers owed TD Bank pursuant to the terms of the Credit Agreement principal in the amount of $142,343.86, interest in the amount of $1,826.24, and late fees in the amount of $149.92, for a total of $144,320.02.

15. *Value of the Properties*. For the purpose of establishing that the Debtor has no equity interest in the Properties, the Bank relies in this motion on the value for the Property of $487,000.00, set forth in Debtor's proposed Disclosure Statement [Document Number 66], which amount is derived from an appraisal of the Property according to the Debtor.

16. *Arrearages; Payment Schedule*. The borrower's and guarantor's obligations under the Credit Agreement are due on demand and demand was made by the Bank with respect to Ms. Rivers and Ms. O'Brien as trustee of the York Street Trust on December 1, 2011. Demand was

made with respect to Ms. O'Brien individually in January of 2012. Additionally, TD Bank notes that Ms. Rivers is in default on her payment obligations under the Credit Agreement.

    17.    *Liens Affecting the Property*. The record indices of the York County (East) Registry of Deeds, as of February 12, 2012 reflect the following liens affecting the premises:

    *a.*    A certain Mortgage from Lorri O'Brien, as trustee of the York Street Trust to American Home Mortgage Acceptance, Inc., dated May 12, 2005, recorded in Book 14462, Page 395, which mortgage was assigned to Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2005-2 by American Home Mortgage Servicing, Inc., as attorney-in-fact for American Home Mortgage Acceptance, Inc., dated January 27, 2011 and recorded in Book 16043, Page 224 (with respect to which mortgage a Clerk's Certificate was recorded in Book 16058, Page 762 providing notice of the initiation of a civil action foreclosure by the current holder of such mortgage);

    *b.*    Sewer liens in favor of the York Sewer District assessed against the York Street Trust, dated July 1, 2011 and recorded in Book 16210, Page 604 and Book 16218, Page 974;

    *c.*    A Writ of Execution entered in the matter of Bangor Savings Bank v. Lorri A. O'Brien, *et al.*, York Superior Court Docket Number ALFSC-CV-10-26, dated July 13, 2010 and recorded in Book 15898, Page 890; and

    *d.*  A Summary Judgment and Order entered in the matter of Savings Bank of Maine v. Lorri O'Brien, *et al.*, dated August 2, 2010 and recorded in said registry in Book 15939, Page 490.[1]

18. *Exemptions*.  The Debtor has not listed any of the Properties as subject to an exemption on Debtors' bankruptcy schedules filed with this Court.

19. *Basis for Relief*.  Pursuant to 11 U.S.C. § 362(d)(1) and (d)(2), TD Bank is entitled to relief from stay because (i) Debtor has not provided adequate protection for the interests held by Bank, and (ii) the Debtor does not have an equity interest in the Property and the Property is not necessary to an effective reorganization.

20. The total value of the Property as reported in Debtor's proposed Disclosure Statement is $487,000.00.  As of the petition date, the amount of the debt owed to TD Bank that is secured by the mortgage is $144,320.02; the debt owed to Deutsche Bank Nation Trust Company secured by its mortgage covering the Property is, as approximated by the Debtor in its proposed Disclosure Statement, $461,360.74.  Accordingly, two consensual liens alone total $605,680.76.  As such, the Debtor has no equity in the property.

21. Exhibit A to Debtor's proposed Disclosure Statement, setting forth the projected revenues for each of the properties it purportedly owns, illustrates that the Property is not necessary for a "reorganization" of the Debtor.  According to the exhibit, the Property will operate at a loss under the proposed plan, such that payments to TD Bank and Deutsche Bank

---

[1] TD Bank includes items lettered "c" and "d" out of an abundance of caution.  TD Bank understands from the Debtor's filings that Ms. O'Brien purportedly revoked the York Street Trust and that it is her contention that title to the Property automatically transferred to her individually under the terms of the applicable trust indenture when she did so. TD Bank does not know when Ms. O'Brien purports to have made such a revocation and does necessarily concede that the Property automatically transferred to her as an individual by virtue of such revocation.  However, TD Bank notes that if such a revocation occurred and in fact caused the property to be transferred to her individually, depending on the timing of such revocation, the Property could be subject to the liens created by items "c" and "d".

5

National Trust Company will apparently come from revenue generated by other of Debtor's income generating properties.

22. This motion does not relate to a request to enforce state law rights under a mortgage with respect to an individual debtor's interest in real estate. Accordingly, Local Bankruptcy Form 4001-1(b) is not required to be filed herewith.

**WHEREFORE**, TD Bank, N.A. prays that this Court will (1) enter an Order modifying the automatic stay imposed under 11 U.S.C. § 362 of the United States Bankruptcy Code to permit TD Bank to enforce its state law rights under the Mortgage, including by seeking foreclosure, (2) expressly authorize TD Bank to take steps to preserve the Property, and (3) grant such other and further relief as is just and proper.

**DATED** at Portland, Maine, this 22nd day of February, 2012.

/s/ Bradford R. Bowman
Bradford R. Bowman, Me. BRN: 9193
Attorney for TD Bank, N.A.

THOMPSON, BULL, FUREY, BASS & MACCOLL, LLC, P.A.
120 Exchange Street, 6th Floor
P. O. Box 447
Portland, ME 04112-0447
(207) 774-7600
<bbowman@thomport.com>