EXHIBIT

D

# Peoples Heritage Bank, N.A.

Member FDIC

## GUARANTY

FOR VALUE RECEIVED, namely the loans or other financial accommodations by Peoples Heritage Bank, N.A. ("Lender") to Mary Rivers (the "Borrower") and in consideration of any and all other loans or financial accommodations now or hereafter granted by said Lender in its discretion to said Borrower, whether direct or indirect, absolute or contingent, the undersigned hereby unconditionally guarantees the full and prompt payment and performance of all obligations of the Borrower to the Lender, including without limitation the obligations of Borrower to Lender under the terms and conditions of the documents, as each such document may be amended, extended, renewed or replaced by a written instrument executed by the applicable parties, and all other obligations, debts and liabilities of Borrower to Lender whatsoever, now existing or hereafter created, whether or not the undersigned has notice thereof or consents thereto, further including without limitation the payment of all principal, interest and other charges and amounts that may be due and owing from Borrower to Lender from time to time (all of the foregoing obligations, debts and liabilities of Borrower being hereinafter referred to collectively as the "Liabilities"); the Lender shall not be required to pursue or to exhaust its remedies against the Borrower, or its successors, or against any other party liable for payment of any obligation of Borrower, whether maker, guarantor, or otherwise, or against any property or assets mortgaged or pledged as security therefor, but upon nonpayment or nonperformance thereof may immediately demand and enforce payment and performance from the undersigned pursuant to this Guaranty. The undersigned hereby waives demand, notice and protest, and waives recourse to all suretyship and guarantorship defenses generally and agrees that the liability of the undersigned hereunder shall not be affected in any way by any release of security or by the granting of any indulgence by the Lender to any party liable for payment of any obligations guaranteed hereby, or to any other guarantor thereof, or to any other party; nor shall the liability of the undersigned be affected in any way by any failure, inability or neglect of the holder of said promissory note to take any action with respect to, to realized upon or to obtain, any security, rights, endorsements or guaranties relating to any of said obligations guaranteed hereby; nor shall the liability of the undersigned be affected by any fraud, bankruptcy, reduction of the amounts owed by Borrower to Lender to zero, or by any other matter; the undersigned hereby meaning to waive any and all matters whatsoever whereby the undersigned as Guarantor would or might be released, in whole or in part, from obligations hereof, it being the intent hereof that the undersigned Guarantor at all times be and remain liable to the Lender to the same extent as if the undersigned were jointly and severally liable with the Borrower to the Lender for payment of all Liabilities and performance of all of the terms and provisions of such Liabilities.

If any payment or amount paid on any debt of Borrower to Lender, whether or not the same has been applied to such debt by the holder thereof, must be returned by the Lender for any reason or turned over by the Lender to any other person or entity, the undersigned shall be liable for payment of such amounts as though they had never been so paid or applied. This Guaranty shall be binding upon the heirs, successors and assigns of the undersigned.

The undersigned hereby irrevocably agrees that any legal action or proceeding arising out of or relating to this Guaranty may be brought in any state or federal court in the State of Maine, at the election of Lender. By the execution and delivery hereof, the undersigned hereby irrevocably waives personal service of any and all process upon the undersigned in connection herewith, and consents that any or all such service of process be made by registered or certified mail, return receipt requested, postage prepaid, directed to the undersigned at the address given below (or such other addresses as the undersigned may from time to time provide to the Lender in writing), and any service so made shall be deemed to have been completed five (5) days after the same shall have been so mailed.

The amount of indebtedness of the Borrower guaranteed hereby is unlimited. The undersigned hereby agrees to pay all costs and expenses incurred by the Lender in seeking to enforce this Guaranty and in collecting or in attempting to collect any Liabilities from any party liable therefor, including without limitation all attorney's fees incurred in connection therewith.

The undersigned hereby grants to Lender, as security for the payment and performance of this Guaranty, a continuing lien on and security interest in any and all deposit accounts and funds on deposit therein (general or specific, time or demand, regardless of maturity of the Bank branch where the deposits are held) now or hereafter held by Lender and other sums credited by or due from Lender to the undersigned or subject to withdrawal by the undersigned, whether or not any other person or persons could also withdraw money therefrom (collectively hereinafter called the "Deposits"). During the continuance of any event of default Lender may "freeze" or place a "hold" on any Deposits by suspending the undersigned's right to withdraw the Deposits and may set off any Deposits (including those previously frozen or placed on hold) against any amounts payable by the undersigned under this Guaranty. Failure of the Lender to take necessary steps to preserve rights against any parties with respect to any property in its possession shall not be deemed a failure to exercise due care.

If, for any reason, any payment to Lender applied to amounts outstanding under any of the Liabilities is required to be refunded by Lender to Borrower or to any other Guarantor or turned over by Lender to any other person, the undersigned agrees to pay to Lender on demand an amount equal to the payment so refunded or turned over by Lender and the liability of the undersigned hereunder shall not be treated as having been discharged by the original payment to Lender giving rise to such refunded or turned over payment.

This Guaranty shall in all respects be a continuing, absolute and unconditional guaranty, and shall remain in full force and effect (notwithstanding, without limitation, the death or incompetency of the undersigned or that at any time or from time to time all Liabilities may have been paid in full), subject to discontinuance only upon actual receipt by the Lender of written notice from the undersigned or any person duly authorized and acting on behalf of the undersigned of the discontinuance hereof; provided, however, that no such notice of discontinuance shall affect or impair any of the agreements and obligations of the undersigned hereunder with respect to any Liabilities existing prior to the time of actual receipt of such notice by the Lender, any Liabilities created or acquired thereafter pursuant to any commitments to Borrower made by the Lender prior to the time of actual receipt of such notice by the Lender, any extensions or renewals of any of the foregoing, any interest on any of the foregoing, any expenses paid or incurred by the Lender in endeavoring to collect any of the foregoing and in enforcing this Guaranty against the undersigned; and all of the agreements and obligations of the undersigned under this Guaranty shall, notwithstanding any such notice of discontinuance, remain fully in effect until all such Liabilities (including any extensions or renewals thereof) and all such interest and expenses shall have been paid in full. Any amount received by the Lender from any source on account of the Liabilities may be applied by the Lender to the payment of such of the Liabilities, and in such order of application, as the Lender may from time to time elect.

The Lender may, from time to time, whether before or after any discontinuance of this Guaranty, without notice to the undersigned, assign or transfer any or all of the Liabilities or any interest therein; and, notwithstanding any such assignment or transfer or any subsequent assignment or transfer thereof, such Liabilities shall be and remain Liabilities for the purposes of this Guaranty, and each and every immediate and successive assignee or transferee of any of the Liabilities or of any interest therein shall, to the extent of the interest of such assignee or transferee in the Liabilities, be entitled to the benefits of this Guaranty to the same extent as if such assignee or transferee were the Lender; provided, however, that unless the Lender shall otherwise consent in writing (which consent shall not impair this Guaranty in any way whatsoever), the Lender shall have an unimpaired right, prior and superior to that of any such assignee or transferee, to enforce this Guaranty, for the benefit of the Lender, as to those of the Liabilities which the Lender has not assigned or transferred.

This Guaranty is secured pursuant to the terms and conditions of the following documents which, unless otherwise noted below, are dated on or about the date of this Guaranty (check as many as apply):

☒  a mortgage and security agreement on property located at 35 York Street, York, ME 03909.

☐  a collateral assignment of leases and rentals relating to the property described in said mortgage and security agreement.

☐  a security agreement respecting personal property, namely (but without limitation):_____.

☐  other:

☐  Guaranty Rider attached.

☐  this Guaranty is presently unsecured.

This Guaranty may also be secured by documents executed in the future by the undersigned. This Guaranty may also be secured by existing security agreements, mortgages, guaranties or other documents from the undersigned to the Lender if the provisions of such existing documents state that they shall secure all future obligations or liabilities of the undersigned to Lender.

No delay on the part of the Lender in the exercise of any right or remedy shall operate as a waiver thereof, and no single or partial exercise by the Lender of any right or remedy shall preclude any other or further exercise thereof or the exercise of any other right or remedy; nor shall any modification or waiver of any of the provisions of this Guaranty be binding upon the Lender except as expressly set forth in a writing duly signed and delivered by an officer of the Lender. All rights and remedies of the Lender shall be cumulative, and may be exercised at one time or from time to time, either singly or in combination. No action of the Lender permitted hereunder shall in any affect or impair the rights of the Lender or the obligation of the undersigned under the Guaranty. For the purposes of this Guaranty, Liabilities shall include all obligations of the Borrower to the Lender, notwithstanding any right or power of the Borrower or any other person or entity to assert any claim or defense as to the invalidity or unenforceability of any such obligation, and no such claim or defense shall affect or impair the obligations of the undersigned hereunder.

This Guaranty shall be construed in accordance with, and shall be governed by, the laws of the State of Maine. Wherever possible each provision of this Guaranty shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision hereof should be invalid or unenforceable under such law, such invalidity or unenforceability shall not affect in any way the continued validity and enforceability of any other provision hereof.

The undersigned hereby expressly waives: (a) notice of acceptance by the Lender of this Guaranty, (b) notice of the existence or creation or nonpayment of all or any of the Liabilities, (c) presentment, demand, notice of dishonor, protest, and all other notices whatsoever, and (d) any right to indemnity, contribution, exoneration or reimbursement of any kind by any other party directly or indirectly liable for any of the Liabilities, whether maker, endorser, guarantor or otherwise on account of any payment made hereunder, and any right of subrogation to the rights, remedies or security of the holder hereof on account of any payment made hereunder, and (e) all diligence in collection or protection of or realization upon the Liabilities or any thereof, any obligation hereunder, or any security for or guaranty of any of the foregoing. THE UNDERSIGNED HEREBY IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY AND ALL RIGHTS, WHETHER ARISING UNDER THE CONSTITUTIONS OF THE UNITED STATES OR OF ANY STATE, ANY RULES OF CIVIL PROCEDURE, COMMON OR STATUTORY LAW, OR OTHERWISE, TO DEMAND A TRIAL BY JURY IN ANY ACTION, SUIT, PROCEEDING OR COUNTERCLAIM INVOLVING LENDER ARISING OUT OF OR IN ANY WAY CONNECTED WITH THIS GUARANTY OR ANY OF THE LIABILITIES.

Dated: October ___, 2001

WITNESS:                                                              GUARANTOR: YORK STREET TRUST

_____                    _____
                                                              Printed Name:  Lorri Petrone, Trustee
                                                              Address:         PO Box 142
                                                                                   York Beach, ME 03910
                                                                                   SSN: # 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

i:\office\shared\loandocs\guaranty.doc   Rev. 06/01/00