**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>LAO Properties, LLC<br><br>        Debtor<br><br>Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2005-2<br><br>        Movant<br><br>v.<br><br>LAO Properties, LLC<br><br>        Debtor | Chapter 11<br><br>Case No.: 11-21571<br><br><br><br>Hearing scheduled for<br>April 25, 2012, 11:30 am<br>Portland, Maine |

**OBJECTION TO THE DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION**

Now comes Deutsche Bank National Trust Company, as Indenture Trustee for American Home Mortgage Investment Trust 2005-2 ("Deutsche Bank"), a creditor and party in interest in the above referenced matter, and hereby objects to the approval of the Debtor's Plan of Reorganization, pursuant to 11 U.S.C. §1129. In support, Deutsche Bank states as follows:

1. Deutsche Bank is the current holder of a note executed by Lorri A. O'Brien on May 12, 2005, in the amount of $450,000.00 to American Home Mortgage Acceptance, Inc. and mortgage, securing same recorded against the property located at 35 York Street, York, ME (the "Property") and recorded in the York County Registry of Deeds in Book 14462, Page 395.

2. On November 1, 2011, the Debtor filed a voluntary petition for Bankruptcy under Chapter 11 of the United States Bankruptcy Code.

3. The Debtor claims ownership to the Property by virtue of a Quitclaim Deed from Lorri A. O'Brien to LAO Properties, LLC, dated October 28, 2011, recorded in the York County Registry of Deeds in Book 16191, Page 568.

4. At the time of the Debtor's bankruptcy filing, Deutsche Bank was owed $484,229.30.

5. Deutsche Bank objects to the Debtor's proposed treatment of its secured claim on the basis that it is unfair and inequitable.

6. Deutsche Bank disputes that its claim is undersecured and can be bifurcated pursuant to 11 U.S.C. § 506(a).

7. Deutsche Bank objects to the Debtor's proposed interest rate of 5.0%, which does not appropriately account for the additional risk associated with a bankrupt debtor. *See Till v. SCS Credit Corp.*, 541 U.S. 465, 124 S.Ct. 1951 (2004).

8. Additionally, the Plan fails to specifically address the post petition payment of taxes and insurance either directly by the obligor/mortgagor or through an escrow.

WHEREFORE, Deutsche Bank respectfully requests that this Court enter an Order denying confirmation of the Debtor's Plan of Reorganization and for all other relief as is just and equitable.

Respectfully Submitted,

Deutsche Bank National Trust Company, as
Indenture Trustee for American Home Mortgage
Investment Trust 2005-2
By its attorneys,

DATED: April 18, 2012

/s/ John A. Doonan
John A. Doonan, Esq.—Bar No. 3250
Attorney for Movant
Doonan, Graves, & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
Tel. (978) 921-2670
jad@dgandl.com