# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

| In re: | |
|---|---|
| LAO PROPERTIES, LLC, | Chapter 11 |
| Debtor. | Case No. 11-21571-JBH |

## MOTION FOR ORDER APPROVING FINAL ACCOUNTING AND GRANTING FINAL DECREE

LAO Properties, LLC (the "Debtor"), by and through its undersigned counsel and pursuant to 11 U.S.C. §§ 350 and 1101(2), Fed. R. Bankr. P. 3022, and D. Me. LBR 3022-1, hereby requests that this Court enter an order approving the final accounting (the "Final Accounting") and the entry of the final decree (the "Final Decree"). As set forth more fully below, the Debtor's confirmed plan has been substantially consummated and its estate has been fully administered as provided for by section 350 of the Bankruptcy Code (defined below). Accordingly, the entry of a final decree is warranted. In support of this motion (the "Motion"), the Debtor states as follows:

### I. Jurisdiction and Venue

1. On November 1, 2011, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 157(b)(2), and D. Me. LR Civ. 83.6(a), and has jurisdiction to enter a final order pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper pursuant to 28 U.S.C. § 1408.

### II. Background

3. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, over the course of its chapter 11 case (the "Case"), the Debtor retained possession of its property and was

1

authorized to continue to operate and manage its business as a debtor-in-possession. No trustee or examiner was appointed in the Case.

4. On April 30, 2012, the Court entered the Order Confirming Plan of Reorganization of LAO Properties, LLC Dated March 2, 2012 [Docket No. 145] (the "<u>Confirmation Order</u>"). The Confirmation Order has not been stayed, nor has any party appealed the Confirmation Order. Neither the Debtor's Plan of Reorganization Dated March 2, 2012 [Docket No. 101] (the "<u>Plan</u>") nor the Confirmation Order has been amended or modified.

5. Subsequent to entry of the Confirmation Order, the Debtor made certain disbursements in accordance with the terms of the Plan, which disbursements are indicated in the Final Accounting, which is attached hereto as **Exhibit A**.

### III. Relief Requested

6. By this Motion, the Debtor requests that the Court approve the Final Accounting and enter the Final Decree.

### IV. Basis for Relief

7. "After an estate is **fully administered** in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022 (emphasis added); <u>see also</u> 11 U.S.C. § 350(a). Pursuant to this Court's local rules, the proponent of the plan of reorganization is responsible for filing a final account and an application for a final decree. D. Me. LBR 3022-1.

8. Although neither the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure articulate when an estate is "fully administered," the Advisory Committee Note to Rule 3022 indicate that a court should consider the following factors:

    a. Whether the order confirming the plan has become final;

    b. Whether deposits required by the plan have been distributed;

2

    c. Whether the property proposed by the plan to be transferred has been transferred;

    d. Whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

    e. Whether payments under the plan have commenced; and

    f. Whether all motions, contested matters, and adversary proceedings have been finally resolved.

See Advisory Committee Note to Fed. R. Bankr. P. 3022 (1991).

9. Some courts consider the factors set forth in the Advisory Committee Note to Rule 3022, as well as any other relevant factors, when determining whether a case is "fully administered" for final decree purposes. In re Federated Dep't Stores, Inc., 43 Fed. Appx. 820, 822 (6th Cir. 2002). Courts have found that "other relevant factors" include "numerous case-specific, procedural, and practical factors." In re Union Home and Indus., Inc., 375 B.R. 912, 917 (10th Cir. BAP 2007); see also In re Necaise, 443 B.R. 483, 493 (Bankr. S.D. Miss. 2010).

10. Other courts, noting the similarity between the "fully administered" and "substantial consummation" analyses, have ruled that substantial consummation may be an indicator of a fully administered estate. See In re Gould, 437 B.R. 34, 39 (Bankr. D. Conn. 2010) (holding that a case is fully administered when a plan is confirmed and its terms have been substantially consummated); In re Xpedior, Inc., 354 B.R. 210, 219 (Bankr. N.D. Ill. 2006); In re BankEast Corp., 132 B.R. 665, 669 n.3 (Bankr. D.N.H. 1991). For purposes of chapter 11, the term "substantial consummation" means:

    a. Transfer of all or substantially all of the property proposed by the plan to be transferred;

    b. Assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

    c. Commencement of distribution under the plan.

11 U.S.C. § 1101(2).

11. Regardless of which test this Court uses, the Debtor's estate has been fully administered and entry of the Final Decree is appropriate.

12. Applying the factors set forth in the Advisory Committee Note to Rule 3022, the Case is "fully administered" because:

   a. The Confirmation Order has become final. As set forth above, the Confirmation Order was entered on April 30, 2012. Accordingly, because no appeal of the Confirmation Order was taken, the Confirmation Order became final on May 14, 2012.

   b. There were no deposits required by the Plan.

   c. Under the terms of the Plan and the Confirmation Order, the Debtor's property revested in the reorganized Debtor upon the Effective Date (as such term is defined in the Plan).

   d. The reorganized Debtor has assumed the Debtor's business. Pursuant to the terms of the Plan, Lorri O'Brien was the initial managing member of the Debtor. Subsequent to the Effective Date, this management position was transferred to Harold Anderson, as part of a commitment by Harold Anderson to fund certain obligations owed by the Debtor under the Plan. Although Harold Anderson is the managing member, Lorri O'Brien continues to play an active role in the day to day operations of the Debtor.

   e. As set forth more fully in Final Accounting, the Debtor has commenced making distributions under the Plan.

   f. There are no further pending motions, contested matters, or adversary proceedings related to the Debtor's case.

13. The Plan has also been "fully administered" under the "substantial consummation" standard applied by some courts because:

   a. The Debtor has transferred all or substantially all of the property proposed by the Plan to be transferred.

   b. The Debtor has assumed the business and management of all or substantially all of the property dealt with by the Plan.

   c. The Debtor has commenced making distributions under the Plan.

14. In sum, all of the factors listed in the Advisory Committee Note to Rule 3022 are satisfied, and the Plan has been substantially consummated. Accordingly, entry of the Final Decree is appropriate.

## V. Service and Notice of the Motion

15. The Debtor has served a copy of this Motion, along with the accompanying exhibits and a notice of hearing, via this Court's CM/ECF system on the Office of the United State Trustee and all parties who have requested notice in Case. In light of the nature of the relief requested by the Motion, the Debtor submits that this service and notice is sufficient.

WHEREFORE, the Debtor respectfully requests that this Court: (a) grant the Motion; (b) approve the Final Accounting; (c) enter a Final Decree; (d) approve the form and manner of notice and service described above; and (e) grant such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

**LAO PROPERTIES, LLC**

By its attorneys:

Dated: December 7, 2012

/s/ *Jeremy R. Fischer*
D. Sam Anderson, Esq.
Jeremy R. Fischer, Esq.
BERNSTEIN SHUR
100 Middle Street, P.O. Box 9729
Portland, ME 04104-5029
Telephone: (207) 774-1200
jfischer@bernsteinshur.com